## Times Leader v. Dallas School District

*Ralph E. Kates III,* for plaintiff.
*James F. Geddes Jr.,* for defendants.

TOOLE, *J.,* March 29, 1988—On March 25, 1988, the *Times Leader* and its editor, Allison Walzer, filed a complaint seeking a declaratory judgment against the Dallas School Board and its individual members. The complaint alleges, inter alia, that on or about Tuesday, March 22, 1988, Gerald J. Wycallis, the superintendent of Dallas School District, scheduled "a meeting" of the School Board for Tuesday, March 29, 1988, "in order to discuss and review a report prepared by a consultant for the Dallas School District which makes recommendations on alleviating overcrowding in Dallas School District schools" and that the proposed meeting would be "closed to the public and to the press." Plaintiffs allege that the proposed meeting violates provisions of the Sunshine Act, 65 P.S. §271 et seq.

On the same date, plaintiffs filed a petition seeking a preliminary injunction. These matters were originally presented to Judge Gifford S. Cappellini, as motion judge. They were then referred to the undersigned as the miscellaneous court judge. Following a conference, a hearing was scheduled for Tuesday, March 29, 1988.

At the scheduled hearing plaintiffs called the only witness — Superintendent Wycallis. Mr. Wycallis testified that he is an ex officio, non-voting member of the School Board and he is also the chief executive officer of the school district. He acknowledged that the board had commissioned a study by a consultant, George Sauers, dealing with alleged overcrowding in Dallas School District schools. The study was approved at a public meeting and is to be paid for with public funds. The consultant has prepared a report and copies of it have been provided to the superintendent and each of the directors. A number of questions have been raised by the superintendent and/or certain individual members of the

board dealing with several aspects of the report. In order to secure clarification of confusing areas in the report, Mr. Wycallis scheduled what he described as a "conference." He declared the purpose of the "conference" was informational and that he would be the moderator and that there would be no deliberations, discussions or formal action taken by the board. The superintendent also indicated that considering the nature of the report and subject matter that opening the meeting to the public might have a chilling effect upon some of the board members and/or the consultant.

Counsel have agreed that the issue to be decided by this court is whether the proposed gathering scheduled for this evening is a "conference" as that term is defined in the Sunshine Act. If the meeting is such a "conference" then public notice need not be given and the "conference" may be closed to the public. If the court finds that the proposed gathering is not a "conference" then the meeting cannot be held until appropriate notice has been given and, whenever held, cannot be closed to the public.

The legislature defined a "conference" in section 273 of the Sunshine Act as follows:

"Any training program or seminar, or any session arranged by state or federal agencies or local agencies, organized and conducted for the sole purpose of providing information to agency members on matters directly related to their official responsibilities."

We are satisfied on the basis of the evidentiary presentation made to us this afternoon that the purpose of this evening's meeting is truly informational. It was scheduled to afford the board members the individual opportunity to ask questions concerning certain aspects of the report. We have no hesitancy in concluding that neither the superintendent

nor any board member has or had any intent or desire to violate any of the terms or conditions of the Sunshine Act. We are also satisfied that their intent and desire in scheduling a "closed" meeting was to permit the directors to ask questions without the possible chilling effects that often occur when gatherings of this kind are open to and attended by the public.

Unfortunately, as well intentioned as the superintendent and the board might be, we do not believe the meeting proposed for this evening constitutes a "conference" as defined in the act.

We understand and appreciate the superintendent's position that informational meetings are certainly beneficial and that there may be occasions when such meetings should be conducted in closed session. However, this position should be presented to the Legislature rather than the court.

Our disposition of this matter should not be misconstrued. In granting the requested relief, we do not find and it should not be inferred from our holding that the superintendent or any board member has intentionally violated or disregarded the provisions of the Sunshine Act. Indeed, as the testimony disclosed, the superintendent acted in accordance with the advice of the solicitor and the Pennsylvania School Board Association. All we now hold and declare is that until the issue can be more fully presented and considered that it is in the best interest of all concerned that we grant the requested relief.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that the rule issued on March 29, 1988, is hereby made absolute and defendants are enjoined from conduct-

ing the proposed meeting without compliance with section 274 of the Act of July 3, 1986, P.L. 388, 65 P.S. §274.